IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MAURICE JERMAINE HAGWOOD, | : | CIVIL ACTION |
|     Petitioner, | : | |
| | : | |
|     v. | : | |
| | : | |
| MICHAEL WENEROWICZ, et al., | : | No. 12-5404 |
|     Respondents. | : | |

ORDER

AND NOW, this 23rd day of October 2013, upon consideration of the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. No. 1), the Response in Opposition to Petition for Writ of Habeas Corpus (Doc. No. 13), and Petitioner's Objections to the Report and Recommendation (Doc. No. 19), after careful and independent review of the Report and Recommendation of the United States Magistrate Judge Carol Sandra Moore Wells (Doc. No. 14), it is hereby ORDERED that:

1. The Report and Recommendation is APPROVED and ADOPTED.

2. The petition for Writ of Habeas Corpus is DENIED.

3. There is no probable cause to issue a certificate of appealability.

4. The Clerk of Court is directed to close this matter for statistical purposes.

MEMORANDUM

In his Objections to the Report and Recommendation, Petitioner Maurice Hagwood objects to the entire Report and Recommendation ("R&R"). (Doc. No. 19 ("Pet'r's Objs."), at 1.) This Court is obligated to engage in a *de novo* review of each finding in the R&R to which Petitioner specifically objected. 28 U.S.C. § 636(b)(1); see Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). The only specific objection we have identified in Petitioner's Objections is that

the Supreme Court's holding in <u>Martinez v. Ryan</u>, 132 S. Ct. 1309 (2012), allows the Court to hold a hearing or issue a certificate of appealability.[1]  (Pet'r's Objs. 1, 3.)  Whether <u>Martinez</u> applies to this case was not an issue presented to Judge Wells.  We adopt the R&R in its entirety and agree with its analysis, and we provide this memorandum to supplement Judge Wells's reasoning in light of <u>Martinez</u>.

We agree with Petitioner that <u>Martinez</u> is applicable to this case.  In <u>Martinez</u>, the Supreme Court held:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

132 S. Ct. at 1320.  <u>Martinez</u> applies to the present petition because Pennsylvania normally does not allow a prisoner to argue trial counsel's ineffectiveness on direct appeal.  <u>Commonwealth v. Barnett</u>, 25 A.3d 371, 377 (Pa. Super. Ct. 2011) (en banc).  In <u>Martinez</u>, the Supreme Court established a two-prong test to show cause for a procedural default.  132 S. Ct. at 1318-19.  The Court held that if collateral counsel was ineffective when presenting (or by not presenting) an

---

[1] Petitioner specifically objects to Judge Wells's findings that relate to the performance of Petitioner's PCRA counsel.  (Pet'r's Objs. 1.)  However, as discussed in the R&R, Petitioner is not entitled to habeas relief on the basis of ineffective assistance of PCRA counsel.  (Doc. No. 14 ("R&R"), at 5 (citing <u>Hassine v. Zimmerman</u>, 160 F.3d 941, 954 (3d Cir. 1998)).)  Although we agree with Petitioner's general recital of the holding in <u>Martinez</u>, his application misses the mark because it is ultimately the effectiveness of his trial counsel, not PCRA counsel, that could entitle him to habeas relief.  <u>Hassine</u>, 160 F.3d at 954.  We construe Petitioner's objections to mean that he objects to Judge Wells's determinations related to the effectiveness of trial counsel.

Petitioner also objects to Judge Wells's references to "innocence" in her R&R.  (Pet'r's Objs. 3.)  Judge Wells's use of the word "innocence" as an abbreviated way of referencing "fundamental miscarriage of justice" is not in error.

ineffective assistance of trial counsel claim, the petitioner has satisfied the first prong.  Id. However, even with a determination that collateral counsel was ineffective, the second prong requires the petitioner to "demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit."  Id.; see also Jones v. Pa. Bd. of Prob. & Parole, 492 F. App'x 242, 244 (3d Cir. 2012), cert. denied, 133 S. Ct. 1316 (2013).  "A claim has merit if 'jurists of reason could disagree with the [lower] court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" Huggins v. Kerestes, No. 12-3655, 2013 WL 5405320, at *3 (E.D. Pa. Sept. 26, 2013) (quoting Miller-El v. Cockrell, 537 U.S. 322, 327 (2003)).

Here, the Court has engaged in a *de novo* review of the portions of the R&R to which Martinez is applicable, and we conclude that Petitioner's objections are unpersuasive because Martinez requires a petitioner to show that his ineffective assistance of trial counsel claim is substantial and Petitioner has not done so for any of his claims.  In claim five, Petitioner claims that he was denied Equal Protection because African Americans were excluded from his juries. (Doc. No. 1 ("Habeas Pet."), at 15.)  Judge Wells engaged in a *de novo* review of Petitioner's trial counsel's performance related to whether potential jurors were unconstitutionally excluded. See Batson v. Kentucky, 476 U.S. 79, 89 (1991).  This analysis was warranted because the Pennsylvania Superior Court, analyzing the same claim previously, had applied Pennsylvania's standard for ineffective assistance, which is contrary to the federal standard.  (Doc. No. 14 ("R&R"), at 14-19.)  Judge Wells's analysis is consistent with Martinez.  We agree with Judge Wells that although Petitioner has alleged that one of his juries included one African American

3

juror, he has not alleged the number of African Americans on the venire or the number of African Americans struck by the prosecutor. (R&R 18.) The mere possibility of a constitutional violation does not support a finding of prejudice. Thus, Petitioner's objection to Judge Wells's resolution of the Batson claim is unpersuasive.

Petitioner's objection based on Martinez also applies to claim seven, in which he claims that his trial counsel was ineffective by stipulating to a lab report introduced by the Commonwealth. (Habeas Pet. 16.) The Court finds no fault with Judge Wells's analysis of this claim. The case upon which Petitioner's claim is based, Melendez-Diaz v. Massachusetts, was not decided until after Petitioner's conviction. 557 U.S. 305 (2009). Melendez-Diaz does not meet the Supreme Court's test for retroactive application because it did not announce a watershed rule of criminal procedure. Teague v. Lane, 489 U.S. 288, 301, 311 (1989). Further, we do not fault Petitioner's trial counsel's decision because it is certainly within the realm of acceptable trial strategy to stipulate to a lab report when counsel sees no fruitful avenue of cross-examining the lab technician. Thus, Petitioner's objection to Judge Wells's resolution of the Melendez-Diaz claim is unpersuasive.

Petitioner also objects to Judge Wells's determination that trial counsel was not ineffective for failure to object to the jury instructions issued during the trial. (Pet'r's Objs. 1.) We find no fault with Judge Wells's analysis because Petitioner has failed to show that his ineffective assistance claim is substantial. The initial jury instruction at Petitioner's trial included all the elements the Commonwealth needed to prove in order to convict. (R&R 20; Doc. No. 6-135 (Commonwealth v. Hagwood, No. 2980 EDA 2011 (Pa. Super. Ct. July 26, 2012)), at 12-14 .) Petitioner alleges that the "jury during deliberation had a question, they do

not believe defendant discarded specific gun, but can we vote to convict." (Habeas Pet. 17.) This allegation is insufficient because it is not unconstitutional for a trial judge to focus his or her jury re-instruction on one or more elements when a jury asks a question. Thus, Petitioner's objection to Judge Wells's resolution of the jury instruction claim is unpersuasive. For all these reasons, Petitioner's petition for a Writ of Habeas Corpus is denied.

BY THE COURT:

/s/ Legrome D. Davis

Legrome D. Davis, J.